UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:96-cr-00004-3-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALVIN BREWER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se letter dated April 6, 2013, and filed April 15, 2013. In that letter, defendant calls into question the jurisdiction of this court to impose an active term of imprisonment on his most recent Supervised Release Violation in this matter. Defendant argues that "when you imposed the 33 months on the 3:96cr0004 case there was no more Supervised Release remaining on the 5 year Supervised Release." Letter (#241) at 1.

In sum, this court imposed an active term of imprisonment in this matter of 33 months, but ran such sentence concurrently with the 46-month sentence imposed in 3:01cr27. This court also imposed an additional term of supervised release of 12 months, to be run concurrently with the term imposed in 3:01cr27.

Where, as here, a defendant is represented by counsel, this court will not address the merits of a pro se motion. L.Cr.R. 47.1(H). Further, as this court's judgment is on direct appeal, the court's jurisdiction is narrow as to what it may consider during the pendency of such appeal. Rule 4(b)(5), Fed.R.App.P., limits this court's jurisdiction during the pendency of an appeal to consideration of clear error under Rule 35(a), Fed.R.Crim.P. Defendant has not shown clear

1

error.  Specifically, the court was authorized to impose an active sentence under 18 U.S.C. § 3583(e) well above the 33 months it actually imposed.  The court could require defendant to serve all or part of the term of supervised release authorized by the statute for the offense that resulted in the imposition of the term of supervised release which was violated, without credit for time previously served on post-release supervision. As to the additional term of supervised release, the PROTECT Act authorizes a new term of supervised release of up to 60 months, less any term of imprisonment imposed upon the revocation, making the sentence imposed in this matter a lawful judgment and not clearly erroneous under Rule 35(a).

Having considered defendant's pro se letter and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se letter (#241), to the extent it seeks relief, is **DENIED** as non-justiciable under  L.Cr.R.47.1(H), and under Rule 35(a) as clear error has not been shown.

Signed: May 1, 2013

Max O. Cogburn Jr.
United States District Judge